IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PINNACLE ENTERTAINMENT, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 04:10-cv-00943 (AGF) |
| | ) |
| LAND CLEARANCE FOR | ) |
| REDEVELOPMENT AUTHORITY OF | ) |
| THE CITY OF ST. LOUIS, MISSOURI, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR
INTERIM AWARD OF ATTORNEYS' FEES AND COSTS**

**INTRODUCTION**

Plaintiff Pinnacle Entertainment, Inc. ("Pinnacle") hereby opposes Defendants' Motion for Interim Award of Attorneys' Fees and Costs. The motion should be denied, on two separate and independent grounds.

First, the motion is without merit. This case is ongoing and the Court (or jury) has yet to rule on the merits of any claim. Thus, there is no "prevailing party" as that term is defined by Missouri courts. Notably, Defendants seek a very substantial award ($212,731.33), yet they have submitted a five-page memorandum containing only cursory argument, and they fail to cite a single case in which a court has allowed recovery of interim fees following the denial of a motion for preliminary injunction. Defendants purport to rely on the "express" language of the Redevelopment Agreement ("RDA") entered into on April 22, 2004, but the RDA makes no mention of "interim" fees or "preliminary injunctions."

Moreover, Defendants fail to cite controlling Missouri case law holding that a "prevailing party" under a contract is defined as a party who prevails on the "main issue" in the case. The "main issue" is the underlying claim, not the remedy. "[A]n injunction is not the main issue but the remedy." *Paradise v. Midwest Asphalt Coatings, Inc.*, 2010 Mo. App. LEXIS 332, *8 (Mo. Ct. App. 2010). Defendants also fail to acknowledge numerous cases decided by federal courts, including the U.S. Supreme Court, holding that a party who prevails on a motion for preliminary injunction is not a "prevailing party" for purposes of recovering fees under the various federal fee-shifting statutes. As the Supreme Court has stated, "respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (quoted in *Huey v. Sullivan*, 971 F.2d 1362, 1367 (8th Cir. 1992)). In short, Defendants' request for interim fees is not supported by the language or intent of the RDA and is contrary to settled law.

Second, Defendants' motion is untimely. Under Federal Rule 54(d) this motion should have been brought – assuming it could be brought at all – within 14 days after entry of the Court's July 15th Order denying the motion for preliminary injunction; thus, no later than July 29, 2010. *See* Fed. R. Civ. P. 54(d)(2)(B). Instead, Defendants filed this motion 29 days after entry of the Court's Order. [Doc. 96, filed August 13, 2010] Because the motion is untimely, it is properly denied on this ground alone.

## PERTINENT FACTS

On May 25, 2010, Pinnacle filed its Complaint for Injunctive Relief and Damages. [Doc. 1] Pinnacle has demanded a jury trial on all issues triable to a jury. [*Id.* at 1, ¶ 74] In its Complaint, Pinnacle alleges, *inter alia*, that Defendants have breached the express and implied promises in the RDA entered into by the parties on April 22, 2004, and that this breach is

ongoing.  [*Id.* at ¶¶ 1, 7]  Pinnacle seeks an order enjoining Defendants to abide by the terms of the RDA, or in the alternative, damages for any diminution of the value of its properties that may be caused by the breach.  [*Id.* at ¶¶ 7, 66, 68; Counts II-IV]  Pinnacle also seeks an Order declaring its rights under Section 4.18 of the RDA [Count I] and injunctive relief and/or damages based on a claim of promissory estoppel [Count V].

On June 9, 2010, Pinnacle filed its motion for preliminary injunction.  [Doc. 12]  Pinnacle sought to enjoin Defendants *pendent lite* from proceeding with their efforts to bring a new casino development into the City of St. Louis, and to require Defendants to comply with their obligations under Section 4.18(d) of the RDA.  [Doc. 13; Doc. 77, pp. 1-2]  On July 7 and 8, 2010, the Court held an evidentiary hearing on Pinnacle's motion.  [Doc. 70, 71]  The Court did not consolidate the preliminary injunction hearing with the trial on the merits, pursuant to Fed. R. Civ. P. 65(a)(2), nor did the parties request that the Court do so.

On July 15, 2010, the Court issued its Memorandum Opinion and Order denying the motion.  [Doc. 77]  The Court explained"  "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." [*Id.* at 8, quoting *Kansas City So. Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1066 (8th Cir. 1997) (citation omitted)].  With regard to Pinnacle's claim that it was likely to succeed on the merits, the Court disagreed, concluding:  "In sum, based upon the record before it at this stage of the proceedings, the Court cannot conclude that Pinnacle has met its burden of showing that it is likely to succeed on the merits of its breach of contract claim."  [Doc. 77, p. 13]  With regard to the issue of harm, the Court found that "Pinnacle has not met its burden to show the threat of irreparable harm."  [*Id.* at 16]  The Court noted that while proving damages with reasonable certainty "may pose challenges at the time of trial, the Court cannot conclude, based

3

on the evidence presented, that Pinnacle would not have an adequate remedy at law." [*Id.* at 15] The Court also found that "the potential harm to the City outweighs the threat of harm to Pinnacle." [*Id.* at 16] The Court found that "if enjoined at this early stage, it is difficult to see how the City could ever establish its damages should it prevail on the merits." [*Id.* at 17] Thus, "Based upon a balancing of the four Dataphase factors, this Court determines that a preliminary injunction is not warranted." [*Id.* at 17-18]

On July 30, 2010, the Court issued its Order Setting Rule 16 Conference. [Doc. 86] The Order directs the parties to meet and confer, to file their Joint Proposed Scheduling Plan, and to attend a Scheduling Conference in chambers on August 31, 2010. [*Id.*] The Order assigns the case to "Track 2" which requires the case to be resolved within 18 months of filing. [*Id.* at 3]

On August 4, 2010, Pinnacle filed a Notice of Appeal with the U.S. Court of Appeals for the Eighth Circuit, appealing from this Court's denial of its motion for preliminary injunction. [Doc. 88] Thereafter, on August 13, 2010, Defendants filed this motion for fees. [Doc. 96] Defendants claim that Section 4.31 of the RDA "expressly authorizes" an "interim" award of fees and costs incurred in "defending Pinnacle's Motion for Preliminary Injunction." [*Id.* at 1-2] Along with their motion, Defendants filed a five-page Memorandum [Doc. 97], an Affidavit of John C. Grellner [Doc. 97-1], and a 33-page redacted invoice for legal fees and costs [Doc. 97-2]. Defendants seek an award of fees and costs totaling $212,731.33. [Doc. 97, p. 4]

## **ARGUMENT**

### I.      **The Redevelopment Agreement Does Not Allow "Interim" Fees.**

Defendants claim they are entitled to an award of "interim" fees and costs pursuant to Section 4.31 of the RDA. That section provides:

4

> In the event that any party hereto brings an <u>action or proceeding</u> for a declaration of rights of the parties under this Agreement, for injunctive relief, or for an alleged breach or default of this Agreement, <u>or any other action arising out of this Agreement</u> or the transactions contemplated hereby, <u>the party substantially prevailing in any such action</u> shall be entitled to an award of reasonable attorneys' fees and any court costs incurred in such action or proceeding against the other party(s), in addition to any other damages or relief awarded, regardless of whether such action proceeds to final judgment.

Redevelopment Agreement ¶ 4.31 [Doc. 1, Ex. 1, p. 32] (emphasis added).

In bringing this motion, Defendants selectively quote from this provision to argue they are entitled to interim fees. Specifically, they highlight the words "injunction" and "proceeding," as well as the final phrase of Section 4.31, to argue that the contract "expressly authorizes" an interim award of fees. [Doc. 97, p. 3] Defendants' strained construction of Section 4.31 is fundamentally flawed on numerous grounds and should be rejected.

    A.    <u>**The Plain Language of Section 4.31 Does Not Allow Interim Fees.**</u>

On its face, Section 4.31 makes no mention of "interim" fees. Nor does it mention "preliminary injunction" or "motion." These omissions, without more, dispose of Defendants' argument that Section 4.31 "expressly authorizes" an interim award of fees for the denial of a preliminary injunction motion.

What Section 4.31 *does* expressly say is that "the party substantially prevailing in any such action" shall be entitled to an award of reasonable attorneys' fees and costs.[1] The term "action" is not defined in the RDA, but it has a well-known meaning in the law. *See, e.g.*, Fed. R. Civ. P. 2 ("One Form of Action"); Fed. R. Civ. P. 3 ("Commencing an Action"). According to <u>Black's Law Dictionary</u> at 28 (6th ed. 1990):

---

[1] Although Section 4.31 refers to "substantially prevailing" party rather than "prevailing party," courts have treated fee-shifting provisions that use the terms "substantially prevailed" and "prevailing party" analogously. *See Zarcon, Inc. v. National Labor Relations Board,* 578 F.3d 892, 894-95 (8th Cir. 2009) (citing cases).

5

> The term [action] in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law. * * * An ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.

In their motion, Defendants highlight the word "proceeding" thereby suggesting this would encompass a "motion." [Doc. 97, p. 3]  The suggestion is without merit.  Certainly, had the parties intended to allow fee awards for prevailing on motions, they could have said so.  But in any event, the word "proceeding" as used in Section 4.31 cannot be read in isolation, as it never appears in isolation.  It appears only in conjunction with "action."  It is commonly understood that "proceeding" is another word for "action," and this is further evidenced by a plain reading of Section 4.31, which initially refers to "action or proceeding" and then later refers to "any *other* action" and "any *such* action."  It is also reflected in the dictionary definition of "action" set forth above (defining "action" to include "ordinary proceeding").  *See also* Black's Law Dictionary at 1204 (1990) (the word proceeding "may be used synonymously with 'action' or 'suit' to describe the entire course of an action at law or equity").

A motion for preliminary injunction is not an "action" as that term is commonly understood.  The "action" is the lawsuit initiated by the Complaint, which sets forth Pinnacle's claims for relief.  The motion was a request for a remedy, not the action itself.  *See* Black's Law Dictionary at 1013 (6th ed. 1990) (defining "motion" as an "application made to the court or judge for purpose of obtaining a rule or order . . . usually made within the framework of an existing action or proceeding").  Defendants repeatedly note that Pinnacle is a sophisticated and represented corporation.  *See* Doc. 96 at 2; Doc. 97 at 3, 4.  But Defendants were also

6

represented by sophisticated counsel who negotiated the RDA, and who can be assumed to have understood the terms used in Section 4.31 and their commonly accepted meanings.[2]

Defendants also rely on the final clause of Section 4.31, which states that fees may be awarded to the "substantially prevailing" party "regardless of whether such action proceeds to final judgment." [Doc. 97, p. 3] Defendants argue this language would allow an interim award of fees without regard to the final outcome of the case, but the argument is without merit. First, to construe this language to permit recovery of fees in the middle of a case, without regard to the final outcome, would effectively override the contractual requirement that a party must "substantially prevail" before it can recover fees in the first place. Such a construction of the contract would not be reasonable. *See Parker v. Pulitzer Publishing Co.,* 882 S.W.2d 245, 249-50 (Mo. Ct. App. 1994) (contracts must be construed as a whole and the reasonable interpretation must be given effect). It would also contravene settled Missouri law, which allows awards of contractual fees *only* to prevailing parties, even where the contract could be read otherwise. *See infra* Part II (B).

Reading Section 4.31 as whole, it is clearly more reasonable to construe this final clause to refer to the unusual case in which a procedural technicality prevents the entry of a "final judgment," even though one party has substantially prevailed on the merits. This is consistent with the construction given similar language contained in federal fee-shifting statutes. For example, in *Hanrahan v. Hampton*, 446 U.S. 754 (1980), the Supreme Court looked to the legislative history of 42 U.S.C. § 1988, which allows fee awards to "prevailing parties" in civil rights actions, and addressed the argument Defendants advance here:

---

[2] The RDA reflects that the City Defendants were represented by Armstrong Teasdale LLP and Stinson Morrison Hecker LLP, both of St. Louis, Missouri. [Doc. 1, Ex. 1, p. 23]

7

> [A] person may in some circumstances be a "prevailing party" without having obtained a favorable final judgment following a full trial on the merits. Thus, for example, "parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief."

*Id*. at 756-57 (internal citations to the legislative history omitted). However, the Court went on to explain:

> It seems apparent from these passages that <u>Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims</u>. For only in that event has there been a determination of the "substantial rights of the parties," which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney.

*Id.* at 757-58 (emphasis added). *See also Geissal v. Moore Medical Corp.*, 338 F.3d 926, 935 (8th Cir. 2003) (fee award may be appropriate when a party has "established the liability of the opposing party although final remedial orders have not been entered").

### B. Defendants are not "Prevailing Parties" under Missouri Law.

If Section 4.31 of the RDA were construed to allow interim fee awards regardless of the outcome of the case, and before the prevailing party is identified, this would squarely conflict with Missouri law. Missouri has adopted the "American Rule," which provides that litigants must bear the expense of their own attorney fees. *Miller v. Gammon & Sons, Inc.,* 67 S.W.3d 613, 625 (Mo. Ct. App. 2001). "However, a trial court may award attorney's fees to a prevailing party if a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision." *First State Bank of St. Charles, Missouri v. Frankel*, 86 S.W.3d 161, 175-76 (Mo. Ct. App. 2002). Where a claim to fees is based on contract, "the court must adhere to the terms of the contract and may not go beyond it." *Harris v. Union Elec. Co.*, 766 S.W.2d 80, 89 (Mo. banc 1989).

Under Missouri law, a party may not recover contractual fees unless it is the "prevailing party," and this holds true regardless of what the language of the contract says. *See Porter v. Lake Waukomis Ass'n,* 687 S.W.2d 237, 239-40 (Mo. Ct. App. 1985) (refusing to award attorney fees to non-prevailing party even though the language of the contract would allow such an award); *accord*, *Hoag v. McBride & Son Investment Co., Inc.*, 967 S.W.2d 157, 175 (Mo. Ct. App. 1998) ("even if the contract is silent on the issue, a party may only recover its attorney fees under a contract provision if it is the prevailing party").

In construing contractual fee provisions, Missouri courts have adopted the definition of "prevailing party" found in Black's Law Dictionary. *Corley v. Corley*, 128 S.W.3d 521, 526 (Mo. Ct. App. 2003) (citing numerous cases so holding). Black's Law Dictionary defines "prevailing party" as follows:

> The party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. * * * To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it.

*Id.* at 1188 (6th ed. 1990) (emphasis added); *see Birdsong v. Bydalek*, 953 S.W.2d 103, 124 (Mo. Ct. App. 1997); *Ozias v. Haley*, 125 S.W. 556, 557 (Mo. Ct. App. 1910) ("the party in whose favor the verdict compels a judgment is the prevailing party") (quoted in *Birdsong*, 953 S.W.2d at 124). Numerous Missouri cases have noted that the term "prevailing party," as defined in Black's Law Dictionary, means the party who has prevailed on "the main issue in dispute." [3]

---

[3] *See, e.g., State ex rel. Nixon v. Patriot Tobacco Co.*, 220 S.W.3d 889, 892 (Mo. Ct. App. 2007) (prevailing party is "the party prevailing on the main issue in dispute") (internal citation omitted); *First State Bank of St. Charles,* 86 S.W.3d at 176 (same); *Miller v. Gammon & Sons*, 67 S.W.3d at 625 (same); *Hoag v. McBride,* 967 S.W.2d at 175 ("Missouri courts have defined prevailing party as the party prevailing on the main issue, even though not necessarily to the extent of its original contention."); *Ken Cucchi Construction, Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo. Ct. App. 1998) (same).

9

Here, the "main issue in dispute" is not Pinnacle's request for a preliminary injunction, which the Court denied. Rather, it is the underlying claim for breach of contract, which has not been decided. In denying a claim for contractual fees, the court in *Paradise v. Midwest Asphalt Coatings, Inc.*, 2010 Mo. App. LEXIS 332, *8 (Mo. Ct. App. 2010) explained that "an injunction is not the main issue but the remedy." *See also State ex rel. Nixon v. Patriot Tobacco Co.*, 220 S.W.3d 889, 892 (Mo. Ct. App. 2007) (noting that main issue was the "the underlying claim"); *First State Bank of St. Charles, Missouri v. Frankel*, 86 S.W.3d 161, 176 (Mo. Ct. App. 2002) (main issue was breach of guaranty agreement); *Miller v. Gammon & Sons*, 67 S.W.3d 613, 625 (Mo. Ct. App. 2001) (main issue was enforcement of rent provision of lease); *Ken Cucchi Construction, Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo. Ct. App. 1998) (main issue was breach of contract claim); *Hoag v. McBride & Sons Investment Co.*, 967 S.W.2d 157, 175 (Mo. App. 1995) (main issue was defined by reference to plaintiffs' specific claims).

Here, the Court or finder of fact has not yet decided the "main issue in dispute." Although the Court denied Pinnacle's motion for preliminary injunction, and made preliminary findings and conclusions concerning Pinnacle's claims, those findings and conclusions are not binding at trial. *See University of Texas v. Cameniesch*, 451 U.S. 390, 395 (1981) ("findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits"); *see also North Arapahoe Tribe v. Hodel,* 808 F.2d 741, 753 (10th Cir. 1987) (the "injunction standard of probable success on the merits is not equivalent to actual success on the merits"). To conclude otherwise would contravene Federal Rule 65(a)(2), which states that in ruling on a motion for preliminary injunction, "the court must preserve any party's right to a jury trial." In denying Pinnacle's motion, the Court made clear that its decision was based on "the record before it at this stage of the proceedings" [Doc. 77, p. 13]. Because there has been

10

no ruling on the main issue in this case, Defendants cannot be deemed to have "substantially prevailed" and they not entitled to an award of attorneys' fees under the contract.

        C.        **Defendants are not "Prevailing Parties" under Federal Law.**

That Defendants are not the prevailing party by virtue of the Court's denial of the motion for preliminary injunction is also clear by reviewing federal law. The Supreme Court has recognized that the Court at the preliminary injunction stage "is called upon to assess the probability of the plaintiff's ultimate success on the merits." *Sole v. Wyner,* 551 U.S. 74, 84 (2007). Thus, "the provisional relief granted terminated only the parties' opening engagement. Its tentative character, in view of the continuation of the litigation to definitively resolve the controversy, would have made a fee request at the initial stage premature." *Id.* at 84. Thus, as one district court recently explained in denying a request for fees:

> [P]reliminary injunctions are not talismanic indicators of whether a party should succeed on the merits. The preliminary injunction standard is an unhelpful guide to the legal determination of whether a party has prevailed. * * * [Plaintiff] is not a prevailing party because the prior decision was preliminary in nature and was not a decision that granted actual relief on the merits.

*Advantage Media, L.L.C. v. City of Hopkins*, 408 F. Supp. 2d 780, 795-96 (D. Minn. 2006) (internal quotations and citations omitted), *aff'd*, 511 F.3d 833 (8th Cir. 2008), *cert. denied*, 2008 U.S. LEXIS 4164 (May 19, 2008). *See also Huey v. Sullivan*, 971 F.2d 1362, 1367 (8th Cir. 1992) ("At a minimum, to be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.") (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)); *Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979) ("the granting of the temporary restraining order hardly can be said to constitute generally prevailing on the merits").

This is not to say that there are no circumstances under which the grant or denial of a preliminary injunction will result in a valid claim for attorneys' fees under federal fee-shifting statutes. There are some limited cases where "preliminary injunctions are sufficiently akin to final relief on the merits to confer prevailing party status." For example, in *Greenpoint Credit, L.L.C. v. Missouri Dept. of Rev.,* 2008 U.S. Dist. LEXIS 2693 (E.D. Mo. 2008), the Court found that the Plaintiff who obtained a preliminary injunction that materially altered the legal relationship between the parties was a prevailing party entitled to attorneys' fees. The Court based its decision on the fact that "the parties have represented to the Court that they have resolved the issues between them other than attorneys' fees, so there will be no further proceedings on the merits in this matter." *Id.* at *28. In contrast, the grant of a preliminary injunction that merely maintains the status quo does not confer "prevailing party status" on the plaintiff. *N. Cheyenne Tribe v. Jackson,* 433 F.3d 1083, 1086 (8th Cir. 2006).

Here, Pinnacle brought a Complaint seeking a declaratory judgment, damages for breach of contract, promissory estoppel, damages for breach of the implied covenant of good faith and fair dealing, and an injunction. The Court ruled that Pinnacle was not entitled to a preliminary injunction based on the record "at this stage of the proceedings." [Doc. 77, p. 13] Pinnacle will proceed to trial on the merits of all of its claims, including its claim for injunctive relief. The fact that the Court denied Pinnacle's motion for a preliminary injunction at this early stage is not a "judicially sanctioned material alteration of the legal relationship between the parties to the lawsuit." Instead, it preserves the status quo between the parties until a trial on the merits of all of Pinnacle's claims can be held following full and complete discovery. While the Defendants won this battle, their victory is "ephemeral" and they may well "lose the war." *See Sole*, 551 U.S. at 85. In any case, they are not a "prevailing party" as that term is construed under either

Missouri or federal law, and attorneys' fees and costs are inappropriate at this stage of the proceeding.

## II.     The Motion is Untimely.

Even assuming the contract would allow an interim award of attorneys' fees, Defendants' motion should be denied as untimely. When attorney fees are sought pursuant to a contract by one who claims to be the "prevailing party," the provisions of Federal Rule 54 apply. *Thirty and 141, LP v. Lowe's Home Centers, Inc.*, 2008 LEXIS 36974, *5 (E.D. Mo. 2008), *rev'd on other grounds*, 565 F.3d 443 (8th Cir. 2009).

Federal Rule 54(d)(2)(B) requires motions for attorneys' fees to be brought within 14 days of entry of judgment. "Judgment" under this rule is defined to include "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). A claim for fees "must" be made by motion and "must" be "filed no later than 14 days after the entry of judgment," "[u]nless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(A). Defendants have cited no "statute" or "court order" that provides otherwise; indeed, they have not cited Rule 54 at all.

Here, the Court's Order denying the motion for preliminary injunction was entered on July 15, 2010. Defendants filed their motion for fees on August 13 [Doc. 96] – thus, 29 days after entry of the "order from which an appeal lies" under Fed. R. Civ. P. 54(a). The motion is untimely, and it should be denied on this ground alone. *See Port of Stockton v. Western Bulk Carrier*, 371 F.3d 1119 (9th Cir. 2004) (the Port, by failing to timely move for attorneys' fees, waived any claim for fees); *Logue v. Dore,* 103 F.3d 1040, 1047 (1st Cir. 1997) (defendants effectively waived the right to attorney fees by failure to file and serve a properly supported application within 14 days of the entry of judgment).

Under the Court's local rules, motions for attorneys' fees brought after "final judgment" must be brought within 21 days after entry of judgment. E.D. Mo. L.R. 54-8.02. "Failure to file a motion for attorney's fees within the time provided may constitute a waiver of attorney's fees." *Id.* Although this local rule is based on Federal Rule 54, it cites Federal Rule 58 (final judgment) and would seem to have no application here, as there is no "final judgment." In any case, even if this local rule governed this motion, the motion would still be untimely because it was not filed within 21 days of July 15, 2010.

### III.     **Defendants Have Not Established Their Entitlement to Attorneys' Fees.**

Defendants have not established they are entitled to attorneys' fees and costs in this case. Although they demand substantial fees, they have submitted a scant brief citing only one general case concerning payment of attorneys' fees and costs pursuant to contract. [*See* Doc. 97, pp. 2-3, citing *Clean The Uniform Co. St. Louis v. Magic Touch Cleaning, Inc.*, 300 S.W.3d 602 (Mo. Ct. App. 2009)] Defendants do not cite any of the controlling authority in Missouri holding that a "prevailing party" is defined in accordance with Black's Law Dictionary, or any other case in which courts have considered fee requests following a ruling on a preliminary injunction motion. Should Defendants make new arguments in their Reply Brief, thereby depriving Pinnacle of any right to respond, Pinnacle requests the opportunity for oral argument on this motion.

At pages 3-5 of their brief [Doc. 97], Defendants make a number of arguments that have no bearing on their claim for contract-based fees. They argue that a fee award is "especially appropriate" because Pinnacle is a "sophisticated corporation with substantial assets" and "should more appropriately bear the costs" (p. 4); and in view of "the gravity of the proceedings" and the alleged "downgrading" of the President, which has never been established and remains an unproven allegation raised by Defendants (p. 5). To the extent required, Pinnacle denies these

14

allegations; but in any case, Defendants fail to explain how any of them are relevant to the issue of contract-based fees, which can be awarded, if at all, only under the terms of the contract. *See Harris*, 766 S.W.2d at 89.

If the Court considers Defendants' interim fee request, even a cursory review of the invoice shows it is deficient and should be severely discounted. Defendants' lawyers, with rare exceptions, consistently engage in the practice of "block billing," whereby multiple activities are lumped into a single time entry. See Grellner Aff., Ex. 2 [Doc. 97-1]. They also include cursory descriptions such as "Trial preparation" for one 18 hour entry. See Grellner Aff., Ex. 2, 7/6/10. Courts normally reduce fee requests based on block billing because the practice prevents the court from determining whether the amount of time spent on a task is reasonable. *See, e.g., Lawson v. DeBoer Transp., Inc.*, 2009 U.S. Dist. Lexis 114554, *5 (E.D. Mo. Dec. 9, 2009) (fee request reduced by 61% because of inadequate documentation); *EEOC v. Convergys Customer Mgmt. Group*, 2006 U.S. Dist. LEXIS 46182, *25-*28 (E.D. Mo. July 7, 2006) (fee request reduced by 34% for block billing; review of emails reduced by 90%); *Shaver v. Independent Stave Co*, 2005 U.S. Dist. LEXIS 42975, *5-9 (E.D. Mo. Jan. 13, 2005) (fees substantially reduced because of block billing); *H.J., Inc. v. Flygt Corp.*, 925 F.2d 257 (8th Cir. 1991) (20% discount for inadequate documentation). In addition, Defendants should not be compensated for fees and costs incurred in its unsuccessful motions to strike the affidavits and testimony of James Deutsch, Esq., Todd George, and Carlos Ruisanchez. [*See* Doc. 77, p. 18] Under Defendants' own theory, they were not the "prevailing party" with respect to these motions.

## Conclusion

For the foregoing reasons, Defendants' Motion for Interim Award of Attorneys' Fees and Costs should be denied in its entirety.

Respectfully submitted,

*/s/ Vicki J. Bitner*
Mark J. Briol
William G. Carpenter
Vicki J. Bitner
Nathaniel J. Zylstra
(pro hac vice)
BRIOL & ASSOCIATES, PLLC
3700 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 337-8410
Telecopier: (612) 331-5151
mark@briollaw.com
bill@briollaw.com
vicki@briollaw.com
nathaniel@briollaw.com

Jerome D. Riffel, # 22346
Scott J. Dickenson, #497949
LATHROP & GAGE LLP
10 South Broadway, Suite 1300
St. Louis, Missouri 63102-1708
Telephone: (314) 613-2500
Telecopier: (314) 613-2550
jriffel@lathropgage.com
sdickenson@lathropgage.com

ATTORNEYS FOR PINNACLE ENTERTAINMENT, INC.

### Certificate of Service

I hereby certify that on this 20th day of August, 2010, a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion for Interim Award of Attorneys' Fees and Costs was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all parties.

*/s/ Vicki J. Bitner*