UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PINNACLE ENTERTAINMENT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00943 AGF |
| ) | |
| LAND CLEARANCE FOR ) | |
| REDEVELOPMENT AUTHORITY OF ) | |
| THE CITY OF ST. LOUIS, MISSOURI, ) | |
| PORT AUTHORITY OF THE CITY OF ) | |
| ST. LOUIS, ST. LOUIS DEVELOPMENT ) | |
| CORPORATION, and CITY OF ST. LOUIS. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Defendants' motion for an interim award of attorneys' fees and costs incurred in connection with the denial of Plaintiff's motion for a preliminary injunction. Oral argument on the motion was held on Thursday, October 21, 2010. For the reasons set forth below, the Court shall deny this motion.

## BACKGROUND

On May 25, 2010, Plaintiff Pinnacle Entertainment, Inc. ("Pinnacle") filed suit against Defendants[1] seeking injunctive relief and damages relating to an alleged breach of a Redevelopment Agreement ("RDA") executed on April 22, 2004, between Pinnacle and Defendants, in connection with Pinnacle's development of the Lumière Place Casino

---

[1] Defendants are the City of St. Louis and three entities related thereto. The Court herein refers to any and all Defendants as "Defendants."

("Lumière"). Section 4.18(d) of the RDA provides, in relevant part, that Defendants would use their reasonable best efforts to, with certain exceptions, "diligently pursue assurances" from the Missouri Gaming Commission ("MGC") that the MGC would not license other gambling projects within 25 miles of the City for a certain period of time following the date of Lumière's licensure. Section 4.31 of the RDA, regarding attorneys' fees, states,

> In the event that any party hereto brings an action or proceeding for a declaration of rights of the parties under this Agreement, for injunctive relief, or for an alleged breach or default of this Agreement, or any other action arising out of this Agreement or the transactions contemplated hereby, the party substantially prevailing in any such action shall be entitled to an award of reasonable attorneys' fees and any court costs incurred in such action or proceeding against the other party(s), in addition to any other damages or relief awarded, regardless of whether such action proceeds to final judgment.

(Doc. #1, Ex. 1, p. 32.)

Pinnacle's complaint contains five counts. Counts I and II seek declaratory and injunctive relief, respectively, ordering Defendants to honor their obligations under § 4.18(d) and to end the request for proposals ("RFP") procedure it had initiated in March 2010 to elicit proposals from developers for the development of a new gambling project in the City. Count III claims that by pursuing the RFP, Defendants breached § 4.18(d) of the RDA, and seeks damages for the diminution in the value of Pinnacle's investment in developing the Lumière by subjecting the investment to uncertainty. Count IV seeks the same relief as Count III on the claim that Defendants' actions breached the implied covenant of good faith and fair dealing. Count V is entitled "Promissory Estoppel" and asserts that Pinnacle relied on Defendants' promises to protect Pinnacle's investment. This count seeks the same injunctive relief and

2

damages as the other counts.[2]

On June 9, 2010, Pinnacle filed a motion for a preliminary injunction, asking that the Court enjoin Defendants from proceeding with their RFP and order them to honor their § 4.18(d) obligations, and requested a prompt hearing. The hearing date was delayed on Defendants' request, and on July 15, 2010, after a two-day evidentiary hearing on the motion, the Court issued a detailed Memorandum and Order denying Pinnacle's motion for a preliminary injunction. The Court concluded that Pinnacle failed to demonstrate that the Dataphase[3] factors weighed in favor of issuing a preliminary injunction. On August 4, 2010, Pinnacle filed a notice of interlocutory appeal with the United States Court of Appeals for the Eighth Circuit, appealing this Court's denial of its motion for a preliminary injunction. The appeal is currently pending.

By Order dated September 20, 2010, the Court consolidated Case No. 4:10CV01059 HEA, captioned City of St. Louis, Missouri v. Pinnacle Entertainment, Inc., with this action. Case No. 4:10CV01059 was a three-count complaint filed in state court by two of the Defendants herein (collectively, "the City") on May 25, 2010, against Pinnacle, and removed

---

[2] Pending before the Court is Defendants' motion to dismiss Counts IV and V of Pinnacle's complaint for failure to state a claim.

[3] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). In the Eighth Circuit, these four factors are known as the "Dataphase" factors, based upon the 1981 en banc case, Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981).

3

on June 11, 2010, to this Court. Count I seeks a declaratory judgment that the City did not breach § 4.18(d) of the RDA and that Pinnacle continued to be bound by the terms of the RDA, including its obligation to invest $50 million in new residential or retail construction and to pay the City a services fee. Count II asserts an anticipatory repudiation claim against Pinnacle based on Pinnacle's alleged failure to offer assurances that it intended to perform its remaining obligations under the RDA in response to the City's April 29, 2010 letter requesting such assurances. Count III asserts a claim for breach of the implied covenant of good faith and fair dealing against Pinnacle for making frivolous allegations that the City breached the RDA by initiating the RFP, and for attempting to destroy the City's ability to support a second gaming facility and thereby monopolizing licensed gaming in the City.

On August 13, 2010, Defendants herein filed the present motion for an interim award of attorneys' fees and costs. Defendants seek $212,731.33 in fees and costs incurred during the preliminary injunction stage of the case.

## **ARGUMENTS OF THE PARTIES**

The parties agree that the issue before the Court is one of contract interpretation under Missouri law. Defendants argue that there can be no dispute that they "substantially prevailed" in "a proceeding . . . for injunctive relief," as contemplated by § 4.31 of the RDA. They argue that the plain language of § 4.31 defines "prevailing party" as not only a party that prevails in an "action," but also as a party that prevails in any "proceeding," and that a hearing on a motion for preliminary injunction falls precisely within the term "proceeding." Defendants also argue that the phrase "regardless of whether such actions proceeds to final judgment"

4

supports an award of fees in the very circumstances at issue here. At the hearing, Defendants' counsel acknowledged that generally, contractual provisions for attorney's fees do not cover interim fees following the denial of a preliminary injunction. But, counsel argued, the language here, negotiated between sophisticated parties, supported Defendants' request for such fees.

Pinnacle argues that because the case is ongoing and because there has been no ruling on "the main issue in this case," there is no "prevailing party." Pinnacle argues that "the main issue in dispute" is not Pinnacle's request for a preliminary injunction, but rather, the underlying claim for breach of contract, which has yet to be decided. Further, at the hearing, counsel for Pinnacle represented that Pinnacle continues to seek injunctive relief under § 4.18(d), requiring Defendants to "diligently pursue assurances from the MGC that the MGC will not select or process any other riverboat gaming application for investigation which application proposes a gaming project within twenty-five miles of the city limits of St. Louis." Moreover, Pinnacle argues that, taking § 4.31 as a whole, the phrase "regardless of whether such action proceeds to final judgment" most reasonably refers to the "unusual case in which a procedural technicality prevents the entry of a 'final judgment,' even though one party has substantially prevailed on the merits." Pinnacle stresses that § 4.31 makes no mention of interim fees or preliminary injunctions.

Lastly, Pinnacle argues that Defendants' motion is untimely because under Federal Rule of Civil Procedure 54(d), this motion had to be brought within 14 days of the Court's Order denying the motion for a preliminary injunction, whereas Defendants filed this motion

5

29 days after the Order was filed. Defendants reply that their motion for interim fees is timely because pursuant to Local Rule 54-8.02, "[a] party seeking an award of attorney's fees shall file a motion for attorney's fees no later than twenty-one (21) days after entry of final judgment pursuant to Fed. R. Civ. P. 58," and no "final judgment" has been entered in this case pursuant to Federal Rule 58.

## DISCUSSION

To determine whether § 4.31 of the RDA provides for interim attorneys' fees, the Court turns to Missouri law on contract interpretation. Where a contract provides for an award of attorney's fees, Missouri law regards attorney's fees as a substantive right created by the contract, and thus awards fees in accordance with the substantive law applicable to the contract generally. PVI, Inc. v. Ratiopharm GmbH, 253 F.3d 320, 329 (8th Cir. 2001). Under Missouri law, "[t]he cardinal principle of contract interpretation is to ascertain the intention of the parties and to give effect to that intent." Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. 2003) (en banc). In construing contractual provisions, a court "is to avoid an interpretation that renders other provisions meaningless. It is preferable to attribute a reasonable meaning to each clause and harmonize all provisions, rather than leave some provisions non-functional and nonsensical." Nodaway Valley Bank v. E.L. Crawford Constr., Inc., 126 S.W.3d 820, 827 (Mo. Ct. App. 2004) (citations omitted).

Missouri law further provides that the intent of the parties "is to be determined based upon the contract alone and not based on extrinsic or parol evidence unless the contract is ambiguous." Sonoma Mgmt. Co. v. Boessen, 70 S.W.3d 475, 479 (Mo. Ct. App. 2002).

6

Whether the language of a contract is ambiguous is a question of law. CIT Group/Sales Fin., Inc. v. Lark, 906 S.W.2d 865, 868 (Mo. Ct. App. 1995). "A contract is not ambiguous merely because the parties disagree over its meaning." Id. Rather, "[d]isputed language is ambiguous if an average person would find it reasonably susceptible of more than one meaning." U.S. Neurosurgical, Inc. v. Midwest Division-RMC, LLC, 303 S.W.3d 660, 665 (Mo. Ct. App. 2010). "[T]o determine whether a contract is ambiguous, [the court must] consider the whole document and give words their natural and ordinary meaning . . . ." Angoff v. Mersman, 917 S.W.2d 207, 210 (Mo. Ct. App. 1996). "Where an ambiguity is found, the resolution of the ambiguity is a question of fact for the [fact finder] to determine using extrinsic evidence. U.S. Neurosurgical, Inc., 303 S.W.3d at 665 (citations omitted).

After a careful reading of § 4.31 of the RDA, and consideration of the parties' arguments and supporting memoranda, the Court concludes that § 4.31 of the RDA does not entitle interim attorney's fees for Defendants at this stage of the litigation. Although § 4.31 of the RDA provides that "[i]n the event that any party hereto brings an action or proceeding . . . for injunctive relief, . . . the party substantially prevailing in any such action shall be entitled to an award of reasonable attorneys' fees and any court costs incurred in such action or proceeding," it does not by its terms provide for an award of attorney's fees and costs in the event that a party brings a proceeding for "preliminary" injunctive relief. Nor does it suggest the availability of an "interim" award of fees, prior to the conclusion, whether by final judgment or otherwise, of the action or proceeding. As Defendants' counsel recognized, interim attorneys' fees are generally not awarded under such circumstances, making the

7

absence of terms such as "interim" and "preliminary" especially significant. Inasmuch as the parties to the agreement are, as asserted by Defendants, sophisticated, they could have contracted for such language had they intended to cover preliminary injunctions and an interim award of fees.

In addition, untenable results may follow if Defendants' request for attorney's fees is granted at this stage of the litigation and certain subsequent events occur, such as reversal of the denial of the preliminary injunction, which is currently on appeal, or the award of permanent injunctive relief or damages to Pinnacle pursuant to a judgment on the merits. If Defendants ultimately prevail on the merits of Pinnacle's claims against them, they may be entitled to receive the fees they now request at that time.

Defendants' reliance on Novus Franchising, Inc., v. Oksendahl, No. 07-1964 (JRT/FLN), 2008 WL 835681 (D. Minn. Mar. 27, 2008), is misplaced. In Novus, the plaintiff filed motions for preliminary injunction, alleging that defendants were continuing to provide certain services in violation of a two-year non-compete provision in the parties' franchise agreement. The plaintiff asked the court to enjoin the defendants from providing such services for the duration of the non-compete provision. The court granted the motions to the extent of precluding the defendants from using the plaintiff's marks and products, but denied the motions to the extent that the plaintiff sought to enjoin the defendants from providing services or products that had no connection with the plaintiff's business. The plaintiff then requested attorney's fees pursuant to a provision in the franchise agreement that provided that "[t]he party against whom injunctive relief is granted will indemnify the prevailing party for all costs

that it incurs in any lawsuit or proceeding under this provision . . . ." The court granted the plaintiff's motion for interim attorney's fees, but at an amount less than requested to reflect the "limited" preliminary injunction granted.

The contractual language in <u>Novus</u> provided that attorney's fees were to be given if injunctive relief was granted, whereas in our case, Defendants are seeking attorney's fees for a denial of injunctive relief. In fact, no cases cited by Pinnacle or Defendants involve a situation in which interim attorney's fees were given to a party when a preliminary injunction was denied and the question of a permanent injunction and/or damages remained to be resolved.

## **CONCLUSION**

The language of the attorney's fees provision in the RDA does not entitle Defendants to interim fees at this stage of the case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion for an interim award of attorneys' fees and costs is **DENIED**. [Doc. #96]

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2010.